themselves, it would be the height of injustice and cruelty to disturb their ashes and violate the sanctity of the grave, unless the evidence of fraud be clear, beyond a reasonable doubt."

The pattern for deciding this case is set by Cardwell v. United States, 5 Cir., 1951, 186 F.2d 382, to which, of all our cases, this one bears the greatest resemblance. In Cardwell we held that the trial Court committed error in taking the case away from the jury. Here, we are taking a much longer step. We are setting aside the fact-findings of a court and jury who were in best position to reach a just conclusion on this issue of fact. I would affirm.

Wm. Hutcherson, Jr., Cincinnati, Ohio, for appellant.

Millsaps Fitzhugh, Robert E. Joyner, Memphis, Tenn., for appellee.

Before SIMONS, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This appeal from a conviction upon a jury verdict of violating the Mann Act, 18 U.S.C.A. § 2421, is grounded upon appellant's contention, ably presented by court appointed counsel, that the district court was in error in not directing a judgment of acquittal upon the ground that the evidence was insufficient to sustain a conviction. A careful review of the record convinces us that the case was properly submitted to the jury, and that its verdict was sustained by substantial evidence.

The judgment of the district court is therefore affirmed.

Willis Lansing GANGER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12604.

United States Court of Appeals
Sixth Circuit.

April 25, 1956.

UNION PROPERTIES, Inc., Appellant,

v.

Leslie R. MONROE et al., Appellees.

No. 12640.

United States Court of Appeals
Sixth Circuit.

April 20, 1956.